UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LABORERS PENSION TRUST FUND–
DETROIT & VICINITY, et al.,
          Plaintiffs,

v.                                      Case No. 09-14332
                                      Honorable Denise Page Hood
OSBORN CONCRETE, INC. a/k/a
OSBORN'S CONCRETE, INC. and
J&A CONCRETE CONSTRUCTION, INC
          Defendants.

_____/

## ORDER DENYING PLAINTIFFS' MOTION TO CORRECT AMENDED JUDGMENT OR, IN THE ALTERNATIVE, FOR RECONSIDERATION

### I.    INTRODUCTION

This matter is before the Court on Plaintiffs' Motion to Correct Amended Judgment or, in the Alternative, for Reconsideration **[Docket No. 68, filed September 6, 2011]**. Plaintiffs filed the instant action seeking damages from Osborn Concrete, Inc. and J&A Concrete Construction, Inc. On August 18, 2011, this Court granted Plaintiffs' Motion for Summary Judgment and Motion for an Amended Judgment **[Docket No. 50]** and entered Judgment in favor of Plaintiffs **[Docket No. 51]** in the amount of $153,275.45.

Pursuant to Federal Rules of Civil Procedure 59(e) and 60(a), Plaintiffs now ask this Court to correct or amend the Amended Judgment to include the $64,515.14, which represents the judgment entered in Case No. 08-12230 before Judge Marrianne Battani of the Eastern District of Michigan.

### II.    ANALYSIS

Federal Rule of Civil Procedure 60(a) allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment…" Fed. R. Civ. P. 60(a). "[A] court properly acts under Rule 60(a) when it is necessary to 'correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial.'" *In re Walter*, 282 F.3d 434, 441(6th Cir. 2002) (quoting *Vaughter v. Eastern Air Lines, Inc.,* 817 F.2d 685, 689 (11th Cir.1987)).  In sum, a court cannot apply Fed. R. Civ. P. 60(a) to correct a misapplication of the facts or the law. *Id.* at 440.

However, Federal Rule of Civil Procedure 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment."  The decision of whether to grant relief under Rule 59(e) is discretionary.  *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990).   A district court judge, however, only has discretion to grant a motion to alter or amend judgment in very narrow circumstances: to accommodate an intervening change in controlling law, to account for new evidence which was not available at trial, to correct a clear error of law or to prevent manifest injustice.  *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Ind., Inc.*, 86 F.Supp.2d 721, 726 (E.D. Mich. 2000) (citations omitted).  Fed. R. Civ. P 59 motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Id.* (internal quotation, emphasis, and citations omitted).

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party may file a motion for reconsideration within fourteen days after entry of the judgment or order.  However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly

or by reasonable implication, will not be granted. *Id.*; *Flanagan v. Shamo*, 111 F.Supp.2d 892, 894 (E.D. Mich. 2000). "The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E. D. Mich. LR 7(h)(3). A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller,* 972 F.Supp. 426, 427 (E.D. Mich. 1997).

The Court finds that amending or correcting the judgment under Fed. R. Civ. P. 59(e) or 60(a) is inappropriate. Plaintiffs initiated a new action in this Court in November 2009. Plaintiffs are asking this Court to amend the judgment to include amounts that were already entered in their favor in a previous case, *Trustees of the Outside Michigan Trowel Trades Health & Welfare Fund, et al. v. Osborn Concrete, Inc.,* Docket No. 08-12230. If Plaintiffs are seeking to enforce that judgment, relief is properly filed in that case. Furthermore, it must be noted that this Court found J&A Concrete Construction and Osborn Construction to be alter egos of each other based on the facts beginning about January 1, 2008 and continuing for a period thereafter **[Docket No. 50, filed August 18, 2011]**. Plaintiffs are asking the Court to make J&A Concrete Construction liable for amounts prior to this Court's finding that it was an alter ego of Osborn Construction.

## III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the Plaintiffs' Motion to Correct Amended Judgment or, in the Alternative, for Reconsideration **[Docket No. 68, filed September 6, 2011]** is **DENIED**.

Dated:  November 2, 2011             s/Denise Page Hood
                                     DENISE PAGE HOOD
                                     UNITED STATES DISTRICT JUDGE

**09-14332 Laborers Pension Trust Fund-Detroit & Vicinity, et al v. Osborn Concrete, Inc., et al**
**Order Denying Plaintiffs' Motion to Correct Amended Judgment**

## CERTFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Wednesday, November 2, 2011, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5160